Filing # 142558918 E-Filed 01/24/2022 09:49:20 PM

IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA
CIVIL DIVISION
CASE NO

TOMAS R. WEST

      Plaintiff,

v.

UNIVERSITY OF NORTH FLORIDA
BOARD OF TRUSTEES

      Defendant,

_____ /

## COMPLAINT

Plaintiff, TOMAS R. WEST by and through undersigned counsel, hereby sues Defendant UNIVERSITY OF NORTH FLORIDA BOARD OF TRUSTEES, on the grounds set forth herein.

### INTRODUCTION

1. his is an action by Plaintiff TOMAS R. WEST under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760, to redress the injury done to him by the Defendant's discriminatory treatment on the basis of his Race and Color.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This Action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this Action is properly placed in the Circuit Court of the 4th Judicial Circuit, Duval County Florida, Civil Division, since the events and employment practices hereafter alleged to be unlawful were committed in Duval County, within the jurisdiction of this Honorable Court.

PARTIES

6. Plaintiff TOMAS R. WEST is a 32-year-old Black, or African American male, resident of Duval County, who was employed by Defendant UNIVERSITY OF NORTH FLORIDA BOARD OF TRUSTEES. Plaintiff is a member of certain protected classes of persons under The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and under the FCRA of 1992 Section 760.10, because of his Race and Color, as the term is defined and applicable.

7. Corporate Defendant UNIVERSITY OF NORTH FLORIDA BOARD OF TRUSTEES (hereinafter the UNF BOARD OF TRUSTEES, or "Defendant"), is an entity created in Florida pursuant to Fla. Stat. § 1001.72., as a public body corporate, with all the powers of a body corporate, including the power to adopt a

corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations.

8. UNF BOARD OF TRUSTEES is, in fact, a corporation created by and existing under the laws of the State of Florida, and the Chair of the Board and the Trustees were citizens of the State of Florida.

9. Defendant UNF BOARD OF TRUSTEES  is responsible for the oversight of all aspects of the University of Florida operations. UNF BOARD OF TRUSTEES is a recipient of federal financial assistance for the purpose of providing employment, compensation, and evaluation of all University employees, including the President.

10. The Defendant is engaged and affects interstate commerce and at all material times relevant hereto, they had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

PROCEDURAL REQUIREMENTS

11. All conditions precedent for this Action has been fulfilled. On or about August 21, 2020, Plaintiff TOMAS R. WEST dual-filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about July 08, 2021 the EEOC forwarded this Charge of Discrimination to the U.S. Department of Justice (DOJ) for Action. On or about October 28, 2021, the U.S. Department of Justice (DOJ) issued Plaintiff a Right to Sue Letter with respect to such charge of discrimination. Therefore, Plaintiff is filing his Complaint within the period applicable by law. ***See* composite Exhibit "A."**

## STATEMENT OF FACTS

12. Plaintiff TOMAS R. WEST is a 32-year-old Black, or African American male, resident of Duval County. Plaintiff is a member of certain protected classes of persons because of his Race and Color.

13. The Defendant UNF BOARD OF TRUSTEES is an institution of high learning located at 1 UNF Drive, Jacksonville, Florida 32224, where Plaintiff worked.

14. Defendant UNF BOARD OF TRUSTEES is a recipient of federal financial assistance and is prohibited from discriminating on the basis of Race, Color, or National Origin.

15. The Defendant UNF BOARD OF TRUSTEES employed Plaintiff TOMAS R. WEST as a maintenance technician from approximately February 24, 2020, to July 28, 2020, or 5 months. (22 weeks).

16. Plaintiff was a full-time employee, earning approximately $13.34 an hour.

17. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy. Additionally, Plaintiff was a good maintenance employee.

18. However, during Plaintiff's period of employment, Defendant UNF BOARD OF TRUSTEES engaged in racial discrimination against him. Plaintiff was subjected to unlawful acts of discrimination such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment. Finally, he was subjected to a discriminatory discharge because of his Race and Color.

19. Almost Since the beginning of his employment, Plaintiff perceived that he was discriminated against because of his Race and Color. At his hiring, Plaintiff was put on notice that the University had a six months probationary period before he could get a permanent position.

20. However, when Plaintiff began to work, he learned about a recently hired temporary (White) employee who moved to a permanent position after only two weeks of employment.

21. Plaintiff decided to ask about the possibility of getting a permanent position earlier than anticipated, and he talked to Samantha Lento, supervisor Jan Lindahl, and Assistant Maintenance Director Steve Crews. Plaintiff requested to be changed to permanent employee status, but he never received straight answers.

22. Plaintiff felt ignored and discriminated against, and he was convinced that the reason for the silence was racism. Specifically, Plaintiff alleges that he was treated differently from other similarly situated co-worker outside his protected class by not considering him for a permanent position due to his Race and Color.

23. At the same time, Plaintiff was discriminated against and harassed based on the basis of his Race and Color by co-worker, Plaintiff complained many times to his supervisors, but they did not take any corrective action. Instead, they wrongfully discharged Plaintiff due to his Race and Color Discrimination complaints.

24. During his time of employment, Plaintiff suffered disrespectful and abusive treatment at the hands of his co-worker Mitch Arthur (White). Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race and Color.

25. For example, on or about May 11, 2020, while Plaintiff was working on the shop, Mitch Arthur (White) began making unwelcome racial comments against Plaintiff. On this day, Mitch Arthur also told Plaintiff contemptuously: "Your kind sweats so much, we work harder and sweat less" Plaintiff was humiliated and perplexed by his statement.

26. The next day, Plaintiff complained to his direct supervisor Jan Lindahl. Plaintiff complained about the discrimination and harassment based on Race and Color that he was suffering at the hands of his co-worker Mitch Arthur. The supervisor promised Plaintiff that he would take care of the problem.

27. After Plaintiff's complaint, it was evident that nothing happened, there was no corrective action or sanction for Mitch Arthur, and there was no open investigation about Plaintiff's complaints. On the contrary, it seems to be that Mitch Arthur found out about Plaintiff's complaint and increased his harassment in a retaliatory way.

28. Plaintiff complained multiple times about the wrongful conduct of Mitch Arthur to his supervisor, but he did not get any relief.

29. On about June 10, 2020, Plaintiff had arrived early to work because he wanted to beat traffic. As soon as Mitch Arthur saw the Plaintiff, he said, "What are you, a poor black that has no place to live?". At the end of June 2020, Mitch Arthur told Plaintiff after he saw his car: "Your people steal nice and fancy cars."

30. The frequent, severe, and offensive conduct of Mitch Arthur and the indifference of the supervisor about Plaintiff's complaints of racial discrimination and harassment created a hostile work environment for Plaintiff, in violation of The

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and under the FCRA of 1992 Section 760.104.

31. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that his superiors did not like him because he was Black, and they were not putting a halt to the harassment he was enduring.

32. On or about June 11, 2020, Plaintiff complained to  Assistant Maintenance Director Steve Crews that he was being targeted and racially discriminated against. Steve Crews responded, "We do not tolerate racism here. I will look into it". However, this time again, nothing happened, and Plaintiff continued suffering harassment because of his Race and Color.

33. These complaints constituted protected activity under Federal and State law.

34. Defendant never opened an investigation about the harassment and Race and Color discrimination alleged by Plaintiff, and after each complaint, Plaintiff suffered increased harassment.

35. Plaintiff's managers allowed discrimination and harassment and promoted an unfriendly interaction and relationship between Plaintiff and his co-workers.

36. On or about July 27, 2020, in the afternoon, Plaintiff accidentally misplaced a work order that they had to complete. Plaintiff tried to fix the problem the best he could and wrote down a list of the pending tasks. When Mitch Arthur asked Plaintiff for the list, he looked at the note and told Plaintiff: "you fu……idiot, you missed something", then, Mitch Arthur continued, "you missed something on the list, stupid ni…. go back and fix the list". Plaintiff apologized, but Mitch Arthur got furious. He verbally assaulted Plaintiff yelling and screaming at him all kinds of

racial slurs and vulgarities, slamming his hand on the desk and approaching him with clenched fists in a threatening way. Plaintiff was afraid for his physical integrity and asked Mitch Arthur to stop several times.

37. Plaintiff intended to complain to a supervisor, but no one was available, and due to Coronavirus disruption, the Human Resources office was closed. Plaintiff could not complain and report the verbal aggression of Mitch Arthur on the same day, and he went home without complaining to anyone.

38. The next day, early on July 28, 2020, Plaintiff was called by Assistant Director Steve Crews to talk to him. Plaintiff thought it was good for him because he wanted to complain again and inform Steve Crews about the incident with Mitch Arthur that happened the day before.

39. To Plaintiff's surprise, Assistant Maintenance Director Steve Crews fired Plaintiff by saying that "Things did not work out." Plaintiff told Steve Crews that he wanted to complain once again because Mitch Arthur continued discriminating and harassing him based on his Race and Color. Plaintiff reminded Steve Crews how many times he had complained about being discriminated against and harassed because of his Race and Color.

40. However, Assistant Maintenance Director Steve Crews refused to hear any discrimination complaint and responded by saying, "This is not about that. You are fired." Mr. Steve Crews never provided Plaintiff with a specific reason for his termination, he did not mention any specific problem with Plaintiff, and he did not refer to any specific skills or performance problems.

41. Plaintiff was required to return some property and equipment from Defendant, and he was also handed a letter requesting the return of uniforms and cellphone. Plaintiff did not realize until he got home that the termination letter was dated July 22, 2020, which was not the actual date for his dismissal. Plaintiff thought that he was already singled out for unfair termination.

42. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

43. On or about July 28, 2020, Plaintiff was wrongfully discharged by Defendant, and his human and civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color, in violation of both Federal and State Laws.

44. Moreover, Plaintiff's termination came in temporal proximity after Plaintiff participated in the protected activity on June 11, 2020.

45. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. Plaintiff suffered severe economic losses as well as mental pain and suffering, which was detrimental to his health.

46. Defendant UNF BOARD OF TRUSTEES  is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, was occurring.

**COUNT I:**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON RACE AND COLOR;**

47. Plaintiff TOMAS R. WEST re-adopts every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

48. The Defendant UNF BOARD OF TRUSTEES employed Plaintiff TOMAS R. WEST as a maintenance technician from approximately February 24, 2020, to July 28, 2020, or 5 months. (22 weeks).

49. At all times material hereto, the Employer/Defendant UNF BOARD OF TRUSTEES  failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

50. At all relevant times, including the time of discrimination, Defendant UNF BOARD OF TRUSTEES was aware that Plaintiff TOMAS R. WEST belonged to a protected group.

51. Defendant's decision to discriminate against Plaintiff TOMAS R. WEST was because of Plaintiff's Race and Color.

52. At all relevant times, including the time of the discrimination, Defendant UNF BOARD OF TRUSTEES   was aware that Plaintiff TOMAS R. WEST was a Black person or African American.

53. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant. Plaintiff was qualified for the position apart from his apparent Race and Color.

54. During his time of employment, Plaintiff suffered disrespectful and abusive treatment at the hands of his co-worker Mitch Arthur (White). Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race and Color.

55. Plaintiff complained multiple times to his direct supervisor, Jan Lindahl, and Assistant Maintenance Director, Steve Crews.

56. Defendant never opened an investigation about Plaintiff's complaints of Race and color discrimination complaints and racially motivated harassment and allowed the unlawful discrimination to continue.

57. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's Race and Color within the meaning of Title VII.

58. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

59. Defendant UNF BOARD OF TRUSTEES  through its practices and policies as an employer, willfully, and with reckless disregard of Plaintiff's federally protected

rights, discriminated against Plaintiff TOMAS R. WEST on account of his Race and Color, with respect to its decision to treat Plaintiff different from other employees, in violation of the Act.

60. Plaintiff TOMAS R. WEST was wrongfully terminated by Defendant UNF BOARD OF TRUSTEES. Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of his Race and Color.

61. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant UNF BOARD OF TRUSTEES   is a mere pretext for the actual reason for the termination from employment, Plaintiff's Race and Color, and complaints related to the unlawful acts of discrimination and harassment.

62. Defendant UNF BOARD OF TRUSTEES  is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

63. As a direct and proximate result of Defendant's intentional conduct, Plaintiff TOMAS R. WEST suffered serious economic losses as well as mental pain and suffering.

64. Plaintiff has retained the law offices of the undersigned attorney to represent him in this Action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff TOMAS R. WEST respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant UNF BOARD OF TRUSTEES, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Race and Color.

B. Reinstate Plaintiff TOMAS R. WEST to the same position he held before the retaliatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff TOMAS R. WEST.

D. Order Defendant UNF BOARD OF TRUSTEES   to make Plaintiff TOMAS R. WEST whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law.

G. Award attorney's fees and costs.

JURY TRIAL DEMAND

Plaintiff TOMAS R. WEST demands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

65. Plaintiff TOMAS R. WEST re-adopts every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

66. This is an action against UNF BOARD OF TRUSTEES  for unlawful retaliation under Title VII.

67. At all times material hereto, the Employer/Defendant UNF BOARD OF TRUSTEES  failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

68. Defendant UNF BOARD OF TRUSTEES employed Plaintiff TOMAS R. WEST as a maintenance technician from approximately February 24, 2020, to July 28, 2020, or 5 months. (22 weeks).

69. Plaintiff is a member of a protected class under Title VII because of his Race and Color and because of his participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

70. While working for Defendant UNF BOARD OF TRUSTEES, Plaintiff was subjected to discrimination and harassment based on his Race and Color.

71. At all relevant times, including the time of discrimination, Defendant UNF BOARD OF TRUSTEES was aware that Plaintiff TOMAS R. WEST belonged to a protected group.

72. Plaintiff explicitly informed his superiors that he was suffering discrimination based on his Race and Color.

73. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

74. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive, and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline him. He was eventually terminated in retaliation to his complaints and refusal to accept the unlawful discriminatory employment practices.

75. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

76. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual grounds for termination, Plaintiff's complaints of discrimination and harassment due to his Race and Color.

77. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII.

78. The Defendant UNF BOARD OF TRUSTEES   is subjected to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected,  despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

79. Furthermore, Defendant knowingly condoned and ratified the Race and Color discrimination and retaliation of Plaintiff.

80. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the

Plaintiff's Race and Color, within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

81. As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

82. As a result of the Retaliation, Plaintiff TOMAS R. WEST has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

83. Plaintiff has retained the law offices of the undersigned attorney to represent him in this Action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff TOMAS R. WEST respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant UNF BOARD OF TRUSTEES , its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff TOMAS R. WEST to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant UNF BOARD OF TRUSTEES   to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and

humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including compensatory damages and attorneys' fees and costs.

JURY TRIAL DEMAND

Plaintiff TOMAS R. WEST demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**CHAPTER 760: DISCRIMINATION BASED ON RACE AND COLOR**

84. Plaintiff TOMAS R. WEST re-adopts every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

85. The Defendant UNF BOARD OF TRUSTEES employed Plaintiff TOMAS R. WEST as a maintenance technician from approximately February 24, 2020, to July 28, 2020, or 5 months. (22 weeks).

86. Plaintiff was a full-time employee, earning approximately $13.34 an hour.

87. At all times material hereto, the Employer/Defendant UNF BOARD OF TRUSTEES failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states:

 "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race, color, religion, sex, national origin, age, handicap, or marital status.*

88. The discrimination and harassment of Plaintiff by Defendant UNF BOARD OF TRUSTEES was based on Plaintiff's Race and Color.

Page **17** of **25**

89. The discrimination and termination of Plaintiff TOMAS R. WEST by Defendant were based on Plaintiff's Race and Color.

90. At all relevant times, including the time of discrimination, Defendant UNF BOARD OF TRUSTEES was aware that Plaintiff TOMAS R. WEST belonged to a protected group.

91. Defendant's decision to discriminate against and harass Plaintiff was because of Plaintiff's Race and Color.

92. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

93. Plaintiff was qualified for the position apart from his Race and Color.

94. Plaintiff suffered discrimination, harassment, hostile working environment, retaliation, and adverse actions like unfavorable working conditions, and finally termination due to his Race and Color.

95. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

96. The failure of Defendant UNF BOARD OF TRUSTEES to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

97. Defendant UNF BOARD OF TRUSTEES, through its practices and policies as an employer, willfully, and with reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff on account of his Race and Color.

98. Plaintiff TOMAS R. WEST was wrongfully terminated by the Defendant UNF BOARD OF TRUSTEES, and Plaintiff's termination was directly and proximately

caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Race and Color.

99. Defendant UNF BOARD OF TRUSTEES is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

100.     Defendant's actions were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his Race and Color. Discrimination based on Race and Color constitutes unlawful discrimination.

101.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

102.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant UNF BOARD OF TRUSTEES is a mere pretext for the actual causes of the termination of employment, Plaintiff's Race and Color, and related discrimination complaints.

103.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this Action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff TOMAS R. WEST respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant UNF BOARD OF TRUSTEES its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Race and Color;

B. Reinstate Plaintiff to the same position held before the discriminatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including attorney's fees (448.104).

<u>JURY TRIAL DEMAND</u>

Plaintiff TOMAS R. WEST demands a trial by jury on all issues triable as of right by a jury.

<b>COUNT IV:</b><br>
<b>VIOLATION OF FLORIDA CIVIL RIGHTS ACT, OF 1992</b><br>
<b>CHAPTER 760, FLORIDA STATUTES; RETALIATION</b>

104.  Plaintiff TOMAS R. WEST re-adopts every factual allegation stated in paragraphs 1-46 of this Complaint as if set out in full herein.

105.  This is an action against Defendant UNF BOARD OF TRUSTEES for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

106.    The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

107.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

108.    Plaintiff TOMAS R. WEST is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Race and Color and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

109.    While working for Defendant UNF BOARD OF TRUSTEES, Plaintiff TOMAS R. WEST was subjected to discrimination and harassment based on his Race and Color.

110.    The Plaintiff suffered disrespectful and abusive treatment at the hands of his co-worker Mitch Arthur (White). Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race and Color.

111.    Plaintiff reasonably engaged in protected activity, and he complained many times to his supervisors about the harassment he was suffering at the hands of his co-worker Mitch Arthur.

112.    Plaintiff complained and clearly informed his superiors that he was being discriminated against and harassed on the basis of his Race and Color.

113.    On or about May 12, 2020, Plaintiff complained to his supervisor Jan Lindahl. The supervisor promised Plaintiff he would take care of the problem.

114.    On or about June 11, 2020, Plaintiff complained about harassment and discrimination based on his Race and Color to Assistant Maintenance Director Steve Crews.

115.    These complaints constituted protected activity under the FCRA, *Fla. Stat. Section 760.10,* (7) FLSA.

116.    After Plaintiff's complaints, he did not get any relief, just more retaliation in the form of increased harassment.

117.    On or about July 27, 2020, due to a Plaintiff's work-related mistake, Mitch Arthur got furious, and he verbally assaulted Plaintiff yelling and screaming at him all kinds of racial slurs and vulgarities, slamming his hand on the desk and approaching him with clenched fists in a threatening way. Plaintiff was afraid for his physical integrity and asked Mitch Arthur to stop several times.

118.    Plaintiff intended to complain to a supervisor, but no one was available, and due to Coronavirus disruption, the Human Resources office was closed. Plaintiff could not complain about the verbal aggression of Mitch Arthur on the same day, and he went home without reporting the incident.

119.    The next day, early on July 28, 2020, to Plaintiff's surprise, Assistant Maintenance Director Steve Crews fired Plaintiff.

120.    At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

121.    On or about July 28, 2020, Defendant terminated Plaintiff without further explanations, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment on the basis of his Race and Color, in violation of Federal and State Law.

122.    Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

123.    At all relevant times, including the time of discrimination, Defendant UNF BOARD OF TRUSTEES was aware that Plaintiff TOMAS R. WEST belonged to a protected group.

124.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual grounds of termination, Plaintiff's complaints of discrimination and harassment on the basis of his Race and Color.

125.    Defendant's acts through its agents were done with malice reckless disregard for Plaintiff's State protected civil rights.

126.    Defendant UNF BOARD OF TRUSTEES is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

127.    As a direct and proximate result of the actions and omissions of Defendant, Plaintiff TOMAS R. WEST has suffered injury and losses, including a violation of his statutory rights.

128.     Plaintiff TOMAS R. WEST has no plain, adequate, or complete remedy at law. Plaintiff is still suffering and will continue to suffer extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages.

129.     Plaintiff TOMAS R. WEST has retained the law offices of the undersigned attorney to represent him in this Action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TOMAS R. WEST respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant UNF BOARD OF TRUSTEES, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff TOMAS R. WEST a judgment against the Defendant UNF BOARD OF TRUSTEES for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff TOMAS R. WEST restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Award all reasonable Attorney's fees and costs incurred in connection with this Action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff TOMAS R. WEST demands a trial by jury on all issues triable as of right by a

jury.

Dated: January 24,2022

Respectfully submitted,

By: __/s/ **Zandro E. Palma**_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*

# EXHIBIT "A"

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 28, 2021

Mr. Thomas West
c/o Zandro E. Palma, Esquire
Law Offices of Zandro E. Palma
9100 South Dadeland Blvd.
Suite 1500
Miami, FL  33156

Re:  EEOC Charge Against University of North Florida, et al.
    No. 510202102188

Dear Mr. West:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Miami District Office, EEOC
    University of North Florida, et al.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Direct Dial: (786) 648-5790
FAX (305) 808-1758
Website: www.eeoc.gov

Respondent: UNIVERSITY BOARD OF TRUSTEES
EEOC No: 510-2021-02188

Thomas West
c/o Zandro E. Palma, Esq.
The Palma Law Group
9100 South Dadeland Blvd.
Suite 1500
Miami, FL 33156

zep@thepalmalawgroup.com

Dear Mr. Palma:

The Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (786) 648-5854.

On behalf of the Commission:

07/08/2021                    *Jacqueline Gabriel for*
_____             _____
DATE                              PAUL VALENTI
                                  District Director